# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN MAHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10 C 03396 |
| ) | Judge Sharon J. Coleman |
| HYUNDAI CONSTRUCTION EQUIPMENT ) | |
| USA, INC., and HYUNDAI HEAVY ) | |
| INDUSTRIES, LTD., ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Maher filed a complaint against defendants Hyundai Construction Equipment USA, Inc. ("HCE") and Hyundai Heavy Industries, Ltd. ("HHI") alleging discrimination based on age and national origin as well as retaliation after HCE terminated him from his position as HCE's Controller and head of Human Resources. Defendants move for summary judgment on all claims and assert that Maher fails to pierce the corporate veil in order to maintain HHI as a defendant. For the reasons set forth below, the Court grants in part and denies in part defendants' motion for summary judgment.

Before reaching the merits of the motion for summary judgment this Court will address defendants' Motion to Strike Plaintiff's Affidavit and Portions of Plaintiff's Response to Defendants' Rule 56.1 Statement of Facts and Plaintiff's Rule 56.1 Statement of Additional Facts. Maher moved for leave of court to file a statement of additional facts in excess of the forty paragraphs allowed by Local Rule 56.1. This Court granted the motion and allowed Maher to submit seventy paragraphs of additional facts. Maher submitted fifty-five statements of additional fact. However, to the extent that his responses to defendants' Rule 56.1 statement of

fact contained improper additional factual material not responsive to the statement, this Court will disregard that material. With respect to Maher's affidavit, though not wholly contradictory to his deposition, the affidavit is conclusory and self-serving. Therefore, the affidavit is stricken.

**Background**

Turning to the summary judgment motion, the following facts are undisputed. Plaintiff, Kevin Maher worked at Hyundai Construction Equipment, USA, Inc. for over 13 years. HCE is a Korean manufacturer of heavy industrial equipment with its worldwide headquarters in Ulsan, South Korea. HHI is the parent company of HCE. In the economic downturn of 2008 and 2009 HCE suffered and lost over six and a half million dollars. President John Lim, a Korean American became the new President of HCE in January 2008. Maher was fired from his position as HCE's Controller and head of Human Resources in October of 2009. Maher claims he heard President Lim make remarks that suggested that he wanted the new face of Hyundai to be "young and Korean". President Lim believed he had a handle on the American Market, since he was a successful California business man, and that Maher's remaining duties could be handled by others. President Lim turned the company around and it began to post profits by 2010. Lim eliminated many positions and company departments in order to help HCE become profitable again. Within 10 days of firing Maher, HCE hired four new employees. These employees were all Asian or Asian American with ages in the range of 23-40 years. Maher believes that he was replaced by a young Korean named Matt Hong. In March of 2010, other employees were hired for expansion and a Caucasian male older than Maher was hired in 2011 to fill Maher's position, after he filed this lawsuit.

Maher filed a complaint with the EEOC and received his right to sue letter without an investigation. Maher filed suit the instant lawsuit for reverse racism discrimination and age discrimination. He also alleges retaliation.

**Legal Standard**

A party is entitled to summary judgment if all of "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Court construes the facts and all reasonable inferences in the light most favorable to the nonmoving party when deciding a motion for summary judgment. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005). The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of material fact that requires a trial to resolve. *Celotex v. Catrett*, 477 U.S. 317, 324 (1986). In considering a motion for summary judgment, the Court may not weigh the evidence or engage in fact-finding, but should simply determine whether there is a genuine issue for trial. *Hasan v. Foley & Lardner, LLP*, 552 F.3d 520, 527 (7th Cir. 2008).

**Discussion**

First, defendants argue that they are entitled to judgment as a matter of law on Maher's claim that HCE discriminated against him on the basis of race or national origin. Under Title VII of the Civil Rights Act of 1964, it is illegal for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C. §2000e-2(a)(1). A plaintiff may prove illegal discrimination in violation of Title VII either directly or indirectly. *Antonetti v. Abbott Labs.*, 563 F.3d 587, 591 (7th Cir. 2009). Under the indirect

burden-shifting method of proof establish in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff may establish a prima facie case of discrimination by proving that: (1) he belongs to a protected class (2) he was qualified for the position (3) he was subject to adverse employment action and (4) that similarly situated individuals outside of his protected class were treated more favorably. *Id.*

Here, there is no question that Maher is white and that he alleges that Koreans or Korean Americans were treated more favorably at HCE. There is also no question that HCE terminated Maher's employment, which is an adverse employment action. There is a genuine issue of material fact as to whether HCE favored Koreans or other Asian Americans in its employment practices. The parties disagree as to how many Koreans and non-Koreans were hired and fired during the relevant period. There is also a question of fact as to whether Matt Hong was in fact Maher's replacement or simply happened to be hired into that position. Maher asserts that President Lim treated Asian and Asian American employees more favorably by taking them out to lunch and on various social outings. Therefore, Maher raised a factual question as to whether Asian or Asian American employees were treated more favorably sufficient to preclude summary judgment on this issue.

Next, defendants argue that Maher cannot establish a prima facie case for age discrimination. The Age Discrimination in Employment Act makes it illegal for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *Balderston v. Fairbanks Morse Engine Div. of Coltec Industries*, 328 F.3d 309, 320-321 (7th Cir. 2003), citing 29 U.S.C. §623(a)(1). A plaintiff may establish a prima facie case of age discrimination under either the direct or indirect methods of

proof. *Id.*, at 321. Under the indirect method of proof, a plaintiff can demonstrate a prima facie case by demonstrating that (1) he was in the protected age group (40 years of age or older, pursuant to 29 U.SC. §631(a)), (2) he was performing his job satisfactorily, (3) he suffered an adverse employment action, (4) he was replaced by a similarly situated individual outside the protected class. *Id.*

Only the fourth element is at issue in this claim. Maher has not established that similarly situated employees outside of his protected class were treated more favorably. While Maher alleges that President Lim stated that the new face of Hyundai was "young and Korean," Maher fails to supply sufficient evidence to create a question of fact as to whether younger employees were hired over older employees or whether older employees were terminated in greater numbers than younger ones. It is undisputed that HCE hired and fired a number of people during the reorganization of the company. Although there were also younger hires, HCE retained employees in the same age group as Maher. Moreover, HCE hired people that were of similar age to Maher. Maher contends that Matt Hong, who is Asian and younger than Maher, was hired as his replacement. However, there is no evidence to support this contention. Without evidence that he was replaced by a similarly situated individual outside the protected class, Maher cannot establish a prima facie case of age discrimination.

Even if Maher could demonstrate age discrimination, HCE proffers a nondiscriminatory explanation for his termination. Defendants argue that Maher's position was eliminated and his responsibilities assumed by other employees and HCE did not reinstitute the position until 2011. HCE asserts that it eliminated Maher's position along with many other positions within HCE as a means of reducing costs for the company. When the defendant offers a nondiscriminatory explanation for his conduct, the plaintiff must then show that his explanation is pretext.

*Argyropoulos v. City of Alton*, 539 F.3d 724,736 n.6 (7th Cir. 2008). To prove that a defendant's justification is pretext, one must show: (1) the nondiscriminatory reason was dishonest and (2) the true reason was based on a discriminatory intent. *Hobbs v. City of Chicago*, 573 F.3d 454, 461 (7th Cir. 2009); *Fischer v. Avanade, Inc.,* 519 F.3d 393, 403 (7th Cir. 2008).

Maher has not presented any evidence to show that HCE's proffered reason for his termination is a pretext for discrimination. It is undisputed that HCE was going through some financial difficulties due to the economic downturn and was concerned about reducing costs. HCE asserts, and Maher does not rebut, that Maher's position was not reintroduced until 2011. Moreover, Maher was not the only employee terminated during this period. A trier of fact could reasonably find that HCE terminated Maher as part of its overall cost reduction efforts rather than based on age discrimination. Accordingly, this Court finds that no genuine issue of material fact exists on the issue of age discrimination and HCE is entitled to judgment as a matter of law.

As for defendants' motion to dismiss Maher's retaliation claim, this Court finds that it is outside the scope of Maher's EEOC complaint and therefore it is not properly before this Court at this time. "[A] Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *McKenzie v. Ill. Dep't. of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) (internal quotation and citations omitted). A court cannot consider allegations that are beyond the scope of charges filed with the EEOC. *Haugerud v. Amery School District*, 259 F.3d 678 (7th Cir. 2001). Claims must be factually related, meaning they describe the same conduct and implicate the same individuals, in order to be reasonably related for purposes of the EEOC. *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 501 (7th Cir. 1994). "This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation

and persuasion, and of giving the employer some warning of the conduct about which the employee is aggrieved." *Id*. at 500 (citations omitted).

Maher's EEOC and Illinois Department of Human Resources complaints alleged discrimination based on age and race/national origin. He did not include retaliation with those claims or file an additional EEOC or IDHR complaint to allege retaliation for his alleged informing Lim of his illegal employment practices. A court cannot infer retaliation from a different claim, such as age discrimination. *O'Rourke v. Cont'l Cas. Co.*, 983 F.2d 94, 97 (7th Cir. 1993). Therefore, Maher has failed to exhaust his administrative remedies with respect to the retaliation claim.

Lastly, defendants argue that Maher fails to present evidence to support piercing the corporate veil to reach HCE's parent company HHI. Under Illinois law, corporations and limited liability companies exist as separate legal entities than their officers, shareholders and directors and those parties will not be held personally liable for the corporation's obligations. *Judson Atkinson Candies v. Latini-Hohberger Dhimantec,* 529 F.3d 371, 378 (7th Cir. 2008). In order to pierce the corporate veil to hold a parent company liable for its subsidiaries there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and adherence to separate corporate existence sanctions a fraud or promotes injustice. *Van Dorn Co. v. Future Chem. & Oil Corp.*, 753 F.2d 565, 569 (7th Cir. 1985). Factors that the court will consider are (1) a company's failure to maintain adequate corporate records or adhere by corporate formalities, (2) the commingling of funds or assets, (3) undercapitalization, (4) one corporation treating the assets of another as its own. *Van Dorn Co.*, 753 F.2d. at 570. Here, there is no evidence in the record to support piercing the corporate veil. Therefore, this Court dismisses HHI as a defendant.

**Conclusion**

Based on the foregoing, defendants' motion for summary judgment is granted in part and denied in part. Defendants are entitled to judgment as a matter of law on plaintiff's age discrimination and retaliation claims. Plaintiff may proceed with his race/national origin discrimination claim. HHI is dismissed as a defendant.

IT IS SO ORDERED.

Date: August 7, 2012

Entered: _____

Sharon Johnson Coleman